**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROSA SANABRIA | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) MAGISTRATE JUDGE Alexander |
| | ) Civil Action No. |
| LAHEY CLINIC MEDICAL CENTER, | ) |
| SODEXHO, INC. AND | ) |
| MICHAEL TALBERT | ) |
| | ) |
| Defendants. | ) |

RECEIPT # 66897
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 9/14/05

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendants, Lahey Clinic Hospital,

Inc. ("Lahey"), misnamed in the caption as Lahey Clinic Medical Center, Sodexho, Inc.

("Sodexho") and Michael Talbert ("Talbert"), hereby remove this action from the

Superior Court of Massachusetts, Middlesex County, to the United States District Court

for the District of Massachusetts.

### STATEMENT OF GROUNDS FOR REMOVAL

1.      On or about August 9, 2005, the Plaintiff, Rosa Sanabria ("Sanabria"),

filed an action against Defendants Lahey, Sodexho and Talbert in the Superior Court of

Massachusetts, Middlesex County, captioned *Rosa Sanabria v. Lahey Clinic Medical*

*Center, Sodexho, Inc. and Michael Talbert*, Civil Action No. 05-2766 (the "Complaint").

The Summons and Complaint were served on Defendants Lahey and Sodexho on or

about August 25, 2005. A true and accurate copy of the Summons and Complaint are

attached hereto as *Exhibit 1*. To date, the Summons and Complaint have not been served on Talbert.

2.    This Notice is timely filed within the 30 days of service of the Complaint upon the Defendants. No further pleadings or papers have been filed other than those attached as *Exhibit 1* hereto.

3.    The action is one over which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1331 as the Complaint alleges a cause of action arising under the laws of the United States (Title VII), in addition to a cause of action under the laws of Massachusetts (M.G.L. c. 151B §§ 4(1) & 4(16A)).

4.    A copy of this Notice will be filed with the Clerk at the Superior Court of Middlesex County, as required by 28 U.S.C. § 1446(d).

5.    Written notice of the filing of this Notice of Removal will be given to the adverse party as required by 28 U.S.C. § 1446(d).

Respectfully Submitted,

LAHEY CLINIC HOSPITAL, INC.,
SODEXHO, INC. and
MICHAEL TALBERT,
by their attorneys,

*Nich 2. M*

Harry L. Manion III, BBO #: 317440
Kenneth J. Martin, BBO #: 636643
Keith M. McLean, BBO # 656516
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on *9-14-05*

Dated: *9/14/05*

147583

● EXHIBIT 1 ●

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

DEPARTMENT OF THE TRIAL COURT
MIDDLESEX SUPERIOR COURT
Civil Action No. 05-2766

| | |
|---|---|
| ROSA SANABRIA, <br><br> Plaintiff, <br><br> v. <br><br> LAHEY CLINIC MEDICAL CENTER,. SODEXHO, INC. AND MICHAEL TALBERT <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

**VERIFIED COMPLAINT**

### INTRODUCTION

This is an action brought by Rosa Sanabria, individual, against Lahey Clinic Medical

Center, Sodexho, Inc. and Michael Talbert for violations of Mass. Gen. Law 151B, Section 4,

Paragraphs (1) & (16A) and Title VII.

### PARTIES

1.      Plaintiff Rosa Sanabria ("Sanabria") is an individual who currently resides at 83-

85 Center Street, Methuen, MA 01844-4353.

2.      Defendant Lahey Clinic, Inc ("Lahey"), also known as Lahey Clinic Hospital, is a

Massachusetts non-profit corporation with a principal place of business at 41 Mall Road,

Burlington, MA 01803.

3.      Defendant, Sodexho Operations, LLC, ("Sodexho") is a foreign limited liability

company, with a principal place of business of 9801 Washington Boulevard, Gaithersburg, MD

20878.

4.     Lahey, through its Environmental Services Department, contracted with Sodexho for housekeeping services at the business location of 41 Mall Road, Burlington, MA.

5.     Defendant, Michael Talbert, is an individual and was employed at the time of the discriminatory actions, upon information and belief, by Sodexho or Lahey at the 41 Mall Road, Burlington, MA location.

## JURISDICTION

6.     Plaintiff initially filed this matter with the Massachusetts Commission Against Discrimination ("MCAD") on February 11, 2004. See attached Exhibit A.

7.     In accordance with Mass. Gen. Law c. 151B § 9, Plaintiff has secured the consent of the Commissioner of the MCAD to pursue her private right of action in court in the county where the alleged unlawful practice occurred. See attached Exhibit B.

8.     The Plaintiff has filed this action no later than three years after the alleged unlawful practice occurred.

## FACTS IN ALLEGATION

9.     Sanabria is an El Salvadorian female who worked as a housekeeper at Lahey from approximately January of 2001 until April of 2003.

10.     As a housekeeper, Sanabria's job duties included, but were not limited to, cleaning bathrooms, changing blankets, cleaning and making beds, mopping floors, and preparing rooms for medical patients.

11.     Sanabria typically worked forty hours per week from 3:00 p.m. until 10:00 p.m., Tuesday through Saturday.

-2-

12. During her employment, Sanabria's supervisor, Michael Talbert ("Talbert"), who was the manager of all housekeepers, subjected Sanabria to sexual advances and verbal and physical conduct of a sexual nature.

13. Sanabria's submission to Talbert's conduct was explicitly and implicitly made a condition of Sanabria's employment and was used as a basis for employment decisions.

14. Talbert's advances and conduct had the purpose and effect of unreasonably interfering with Sanabria's work performance by creating an intimidating, hostile, humiliating and sexually offensive work environment.

15. Beginning in approximately May of 2001, Sanabria noticed Talbert staring at her salaciously and heard from a co-worker that Talbert had said that if he was not married, Talbert would marry Sanabria because he was "*so in love*" with Sanabria.

16. In approximately December of 2001 or January of 2002, Talbert terminated Sanabria's boyfriend, Carlos Pfeitez, who also worked at Lahey as a housekeeper.

17. When Sanabria asked Talbert why he fired Pfeitez, Talbert told Sanabria: "*you're better off without him*" and "*what else do you expect?*" Around this time, Talbert told one of Sanabria's co-workers to tell Sanabria that Pfeitez was "trash" and that Sanabria should "dump" Pfeitez.

18. Talbert, around this time, started making inappropriate comments to Sanabria, including: "*Hi sweetie*", "*Hi love*", "*I love you*", "*I love you so much*", "*you're pretty*", "*you're beautiful*" and "*hi mommie.*"

19. Talbert would also repeatedly beep Sanabria's work beeper, which required Sanabria to reply back to Talbert.

20. Talbert would then often order Sanabria to come to his office.

- 3 -

21.   Prior to August of 2002, Sanabria came to Talbert's office many times, where Michael would constantly ask Sanabria personal questions about her relationship with Pfeitez.

22.   During these conversations, Talbert would often say: "*I love you*", "*dump Carlos*", and "*go out with me.*"

23.   During this period of time, Talbert would often move physically closer to Sanabria when he saw her in the clinic. For example, one day they were riding in an elevator and Talbert moved from one side of the elevator to the other to be next to Sanabria. When Sanabria stepped away from Talbert, Talbert responded by asking Sanabria: "*what are you afraid of?*"

24.   Talbert would also call Sanabria at her home and ask her personal questions.

25.   Sanabria initially took Talbert's advances as a joke. However, as his advances persisted and intensified, Sanabria became more and more upset about them and sought professional help to cope.

26.   Sanabria's boyfriend Carlos Pfeitez was well aware of Talbert's advances and Sanabria's relationship was negatively impacted as a result.

27.   Sanabria's co-workers were also well aware of Talbert's feelings for Sanabria, as was Sanabria's young daughter, Tanya, who often answered phone calls from Talbert at Sanabria's home.

28.   In approximately August of 2002, Sanabria was involved in a car accident, which resulted in her absence from work.

29.   Sanabria informed Talbert of the accident when it happened, and Talbert responded by telling Sanabria: "*Don't worry, I'm going to keep your job open. Take as much time as you want.*"

-4-

30.     It took Sanabria a few months to save enough money to buy another car so that she could return to work, but when she finally obtained another car, she called Talbert in approximately October of 2002.

31.     During this call, Talbert told Sanabria that she could return to work, but only if she dumped Pfeitez.

32.     In approximately November of 2002, Sanabria, desperate for her job back, called and told Talbert that she was now unattached even though she was still with Pfeitez.

33.     Upon hearing this news from Sanabria, Talbert allowed Sanabria to return to work, but did not provide her with the full benefits (i.e., health insurance, etc.) that she had enjoyed prior to the accident.

34.     After Sanabria returned to work, Talbert's advances were even more persistent than they had previously been.

35.     Talbert called Sanabria into his office more frequently than before, sometimes five times a day. During one office visit, Talbert started massaging Sanabria's arms and shoulders without her consent.

36.     At another office visit, Sanabria's daughter Tanya was present, and Talbert asked Tanya if Sanabria really had broken up with Pfeitez.

37.     During this time period, Talbert would make comments to Sanabria that she had beautiful lips, hands and finger nails.

38.     When Sanabria later cut her finger nails, Talbert ordered her to grow them back as they had been.

39.     Sanabria started responding to Talbert's constant ringing of her beeper by telling him that she could not go to his office because she had work to do.

-5-

08/29/2005 16:38 FAX 5016874266 RCL Document LEGAL Filed 09/14/2005 Page 6 of 12 @006/015

40. Talbert would respond by telling Sanabria that he had other people to do her work, and that she should just relax.

41. Sometimes, Talbert would show up near the rooms where Sanabria was working. When he would appear, the other employees would leave the area.

42. Talbert would then tell Sanabria: *"I'm in love with you"* and *"I like you"* and *"I love you"*.

43. Sanabria tried many times to ask her co-workers why they would leave when Talbert would appear, and they would explain to her that *"Michael loves you"* and that Talbert would buy her a house or give financial assistance to Sanabria if she asked him for it.

44. Talbert would also sometimes bring Sanabria lunch and would frequently tell her when he was leaving work for the day and where he was going.

45. Talbert also gave Sanabria his cell phone number so that she could call him and speak with him outside of work.

46. Upset about Talbert's constant advances, Sanabria started calling in sick. In approximately February of 2003, she met with a medical doctor who told Sanabria that her job was adversely effecting her health and advised her to quit.

47. Sanabria asked the doctor to call Talbert and tell him that she was not able to work that day because she was sick.

48. The doctor did call Talbert as Sanabria had asked, and even after speaking with the doctor, Talbert called Sanabria at home.

49. Sanabria asked Talbert why he would call her when he had just spoken to the doctor, and Michael responded: *"I'm calling you because I don't care about your doctor; I don't*



*want to hear your doctor's voice; I want to hear your voice. And I want to talk to you. I'm worried about you because I love you so much."*

50.    Sanabria began missing work more and more often.

51.    During the periods when Sanabria was calling in sick, Talbert would sign Sanabria's name on a list for her so that she would still get paid.

52.    When Sanabria asked Talbert why he did that, he said that he was trying to make up for the fact that Sanabria did not have benefits anymore.

53.    When she was out sick, Talbert would call Sanabria on his cell phone, sometimes Sanabria's daughter Tanya would answer the phone and hear Talbert say: *"Hello, honey."*

54.    Tanya, knowing that it was Talbert, would then get her mother.

55.    When Sanabria spoke with Talbert on the telephone from home, Sanabria would generally try to get off the phone as quickly as possible. In one conversation, she asked Michael: *"Aren't you worried about your wife finding out."* Talbert responded; *"Everything is taken care of."*

56.    At no time did Sanabria welcome or solicit any of Talbert's advances.

57.    She constantly complained to her co-workers, including her supervisors, about the situation, but nothing was done about Talbert's advances.

58.    Finally, in April or May of 2003, Sanabria quit her job.

59.    Lahey denied Sanabria unemployment insurance benefits.

60.    Sanabria complained to Lahey's Human Resources department about the sexual harassment.

61.    Shortly thereafter this complaint, Sanabria received a call from Talbert telling her not to tell any one about his conduct, as it would lead to him getting into trouble.

62.    Sanabria told Talbert that she would return to work if she could work the morning shift, and only when he was not there.

63.    Talbert refused to allow her to work the morning shift and the morning shift supervisor told Sanabria that she could not work the morning shift without Talbert's permission.

64.    Throughout Sanabria's time at Lahey, Talbert made unreciprocated sexual advances on Sanabria.

65.    Talbert conditioned Sanabria's return to work on Sanabria being single, and caused Sanabria such distress that Sanabria was forced to quit.

66.    Lahey and Sodexho knew or should have known about Talbert's conduct.

### COUNT I
### TITLE VII – SEXUAL HARASSMENT
#### (Sanabria Against Lahey, Sodexho and Talbert)

67.    Sanabria realleges and incorporates paragraphs 1 through 66 above as if fully set forth herein.

68.    Defendants Lahey, Sodexho and Talbert discriminated against Sanabria by subjecting her to conduct constituting sexual harassment.

69.    This conduct substantially and unreasonably interfered with Sanabria's working conditions and ability to perform her work, in violation of Title VII.

70.    As a direct and proximate consequence thereof, Sanabria has suffered damages, including but not limited to loss of income, loss of employment benefits, other financial losses, and physical and emotional distress.

### COUNT II
### M.G.L. c. 151B §§ 4(1) & 4 (16A) – SEXUAL HARASSMENT
#### Sanabria Against Lahey, Sodexho and Talbert

- 8 -

71. Sanabria realleges and incorporates paragraphs 1 through 70 above as if fully set forth herein.

72. Defendants Lahey, Sodexho and Talbert have discriminated against Sanabria by subjecting her to conduct constituting sexual harassment.

73. The conduct of the defendants Lahey, Sodexho and Talbert substantially and unreasonably interfered with Sanabria's working conditions and ability to perform her work, in violation of M.G.L. c. 151B, §§ 4(1) and/or 4(16A).

74. As a direct and proximate consequence thereof, Sanabria suffered damages including but not limited to loss of income, loss of employment benefits, other financial losses, loss of professional reputation, and physical and emotional distress.

### RELIEF REQUESTED

WHEREFORE, Sanabria requests that this Court:

1. Award Sanabria compensatory damages, including emotional distress damages;

2. Award Sanabria punitive damages;

3. Award Sanabria reasonable attorneys' fees and costs;

4. Award Sanabria statutory interest on their damages;

5. Grant such further relief as the Court deems just and proper.

## JURY TRIAL CLAIM

Sanabria requests a trial by jury on all claims so triable.

> Respectfully submitted,
> **ROSA SANABRIA**
> By her attorney,
>
> Ryan C. Siden (BBO #646138)
> Siden & Associates, P.C.
> 151 Tremont Street, Suite 19S
> Boston, MA 02111
> (617) 549-8033

DATED: August 9, 2005

## VERIFICATION

I, Rosa Sanabria, being duly sworn, hereby state under the pains and penalties of perjury that I have read the foregoing Verified Complaint, I know the contents thereof, and that the statements contained therein are true, except those stated to be on information and belief, and those I believe those are true.

DATED: August 1/, 2005

Rosa Sanabria

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT— MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX ............., ss
[seal]

No.

## 05-2766

........Rosa Sanabria............ , Plaintiff(s)

v.

Lahey Clinic Medical Center,
Sodexho, Inc. and Michael
Talbert................ Defendant(s)
A COPY OF TRUE COPIES ATTEST

## SUMMONS

CONST APPOINTED PROCESS SERVER

To the above-named Defendant:   Sodexho, Inc.

You are hereby summoned and required to serve upon ,.Ryan..C...Siden,...Esq........................
......................................... plaintiff's attorney, whose address is 28..State..St..,..Ste...
.1100.,..Boston,..MA..02109........................, an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at 40..Thorndike.St.
.Cambridge,..MA..02141........................ either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ..40..Thorndike.St.,..Cambridge,..MA........
the .....Ninth........................ day of .....August...........................
....................., in the year of our Lord ..2005............................ .

Edward J Sullivan
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  Rosa Sanabria v. Lahey Clinic Medical Center

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| [ ] | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| [X] | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases |
| [ ] | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
| [ ] | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
| [ ] | V. | 150, 152, 153. |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

YES [ ]   NO [X]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [X]   NO [ ]

A.   If yes, in which division do all of the non-governmental parties reside?

Eastern Division [X]   Central Division [ ]   Western Division [ ]

B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Keith M. McLean, Esq.

ADDRESS  Cooley Manion Jones LLP, 21 Custom House St., Boston, MA 02110

TELEPHONE NO.  (617) 737-3100

(CategoryForm.wpd - 5/2/05)

FILED
CLERK'S OFFICE

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Rosa Sanabria

**DEFENDANTS** Lahey Clinic Medical Center, Sodexho, Inc. and Michael Talbert

**(b)** County of Residence of First Listed Plaintiff   Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Middlesex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ryan C. Siden (617) 549-8033
151 Tremont St., Suite 19S, Boston, MA 02111

Attorneys (If Known)
Keith M. McLean (617) 737-3100
COOLEY MANION JONES LLP
21 Custom House St.
Boston, MA 02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Alleged violation of Title VII for sexual harassment.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                    DOCKET NUMBER

DATE
9/14/05

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____